UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRAFT FOODS GROUP, INC., a Virginia corporation, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> AFS TECHNOLOGIES, INC., a Delaware corporation, <br><br> Defendant/Counterclaimant. | Case No. 14 C 5104 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant/Counterclaimant AFS Technologies, Inc.'s motion to amend its counterclaims. Plaintiff Kraft Foods Group, Inc. filed a complaint against Defendant/Counterclaimant on July 3, 2014 and Defendant/Counterclaimant filed an answer and counterclaim on July 9, 2014. This Court dismissed Defendant/Counterclaimant's fraud claim on December 5, 2014. Defendant/Counterclaimant now moves to amend its complaint to re-plead its fraud claim and add claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing.

Courts should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Kraft Foods Groups, Inc. moves to deny AFS's motion to amend its counterclaims, not because AFS's claims were delayed or would unduly prejudice Kraft, but because it claims AFS's amendment is futile and its proposed claims could not survive a motion to dismiss. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

1

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)(citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980), cert. dismissed, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980).

AFS has bolstered its original allegations with sufficient facts to state a cause of action for fraud. AFS has alleged that Kraft had a specific plan that it had been working on for several years, which it concealed from AFS, to "prematurely exit" from AFS's business and migrate to competitor Blacksmith prior to the expiration of the proposed three-year term. AFS asserts that, knowing of Kraft's plan to prematurely exit, Mr. Bednarski, Senior Buyer for Kraft, and Ms. Haas, working on behalf of Kraft, falsely represented to AFS the terms of the agreement on multiple occasions in phone calls and emails. Kraft contends that this is not a false statement because the parties entered into a three-year extension and that the only question is whether Kraft had a right to terminate early. AFS's allegations are not merely a contract claim, however, but center on the question of whether Kraft knowingly made a false statement to induce AFS to provide it a lower rate.

Kraft argues that AFS's claim for fraud is barred by Illinois' promissory-fraud doctrine, under which Illinois generally does not recognize a cause of action based on a false promise. AFS has, however, sufficiently alleged facts that fit into exceptions to the rule. First, AFS alleges facts that indicate that Kraft's "intention behind the intentionally false promise [was] to induce the promisee to act for the promisor's benefit" and so AFS's claim is actionable. *Price v. Highland Cmty. Bank*, 722 F. Supp. 454 (N.D. Ill. 1989) *aff'd*, 932 F.2d 601 (7th Cir. 1991).

Additionally, AFS alleges that it was Kraft's false promise or representation regarding its future conduct that was the scheme used to accomplish the fraud. *Carroll v. First Nat. Bank of Lincolnwood*, 413 F.2d 353, 358-59 (7th Cir. 1969). AFS's motion to amend its complaint is granted as to its claim for fraud.

AFS may also amend its complaint to include a claim for unjust enrichment, as it has pled this claim in the alternative to its breach of contract claim.

It is undisputed that AFS may not maintain an independent cause of action for breach of the implied covenant of good faith and fair dealing, as pled in Count IV of AFS's proposed amended counterclaim. While this doctrine may be used as a "rule of construction," Count IV, pled by AFS as an alternative, independent cause of action, is dismissed.

ENTER:

James B. Zagel
United States District Judge

DATE: June 18, 2015